UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY BOGGS,

    Plaintiff,

v.                                                                                          Case No. 8:18-cv-148-AEP

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A.  Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 183). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 103-106). Plaintiff then requested an administrative hearing (Tr. 132). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 37-90). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 17-30). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1). The decision thus became the final decision of the Commissioner, administrative finality was achieved, and the matter was brought before this Court. This Court remanded Plaintiff's claim back to an ALJ for further proceedings, but the Appeals Council affirmed the new decision determining that Plaintiff was not disabled.

Plaintiff then again timely filed a Complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1970, claimed disability beginning February 28, 2008 (Tr. 1048). Plaintiff obtained a high school education (Tr. 1060). Plaintiff's past relevant work experience included work as a cashier II, heavy delivery-truck driver, and sales representative (Tr. 1059). Plaintiff alleged disability due to bipolar, seizure disorder, OCD, anti-social, PTSD, precancer in the throat, and thyroid tumor (Tr. 1356).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through June 30, 2011 and had not engaged in substantial gainful activity since February 28, 2008, the alleged onset date (Tr. 1048). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spines, degenerative joint disease of the left knee, a nontraumatic partial tear of the right rotator cuff *status post* acromioplasty, a hiatal hernia, gastroesophageal reflux disease (GERD) and Barrett's esophagitis syndrome, neoplasm of the thyroid *status post* left hemithyroidectomy, a seizure disorder, a bipolar disorder, an anxiety disorder, and a lengthy history of polysubstance abuse, allegedly in early remission, per Plaintiff's report (*id.*). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (*id.*). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work except that Plaintiff has the following additional limitations: he can perform no overhead work activity with the right arm; he should never climb ladders and scaffolds; he should never perform kneeling or crawling; he should only

occasionally stoop or crouch; he should never work at unprotected heights, around hazardous, moving mechanical parts, or operating a motor vehicle; he is limited to simple routine and repetitive tasks; he can make simple work-related decisions; he can frequently interact with supervisors; and he can occasionally interact with coworkers and the general public (Tr. 1050). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 1054).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 1059). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a jewel stringer, lens inserter, and a dowel inspector (Tr. 1060). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 1061).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ, in part, decides Plaintiff's claim pursuant to Regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These Regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are

codified in tables of rules that are appended to the Regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**III.**

Plaintiff argues that the ALJ erred by (1) failing to give great weight to the VA disability rating and (2) finding that there are a significant number of jobs available in the national economy for the Plaintiff to perform. For the reasons that follow, the ALJ failed to apply the correct legal standards and the ALJ's decision is not supported by substantial evidence.

**A. VA Disability Rating**

Pursuant to 20 C.F.R. § 404.1504, a decision by any other governmental agency about whether a claimant is disabled is based upon that agency's rules and is not the decision of the Social Security Administration ("SSA"). Rather, the SSA makes a disability determination based upon social security law, and, thus, a determination made by another agency that a claimant is disabled does not bind the SSA. 20 C.F.R. § 404.1504. Nevertheless, an ALJ should consider the VA rating and give it great weight. *Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015); *Boyette v. Comm'r of Soc. Sec.*, 605 F. App'x 777, 779 (11th Cir. 2015); *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984). Indeed, in determining whether a claimant is disabled, the ALJ should consider decisions by governmental agencies about whether a claimant is disabled along with the other evidence of record. 20 C.F.R. §§ 404.1512(b)(1)(v).

An ALJ commits legal error when they "[s]ummarily reject a VA disability rating because it is non-binding in the SSA context and relies on different criteria." *Beshia v. Comm'r of Soc. Sec.*, 328 F. Supp. 3d 1341, 1346–47 (M.D. Fla. 2018) (citing *Boyette*, 605 F. App'x at 779-80; *Ostborg*, 610 F. App'x 913-15; *Adams v. Comm'r of Soc. Sec.*, 542 F. App'x 854, 856-57 (11th Cir. 2013)). Further, an ALJ cannot give the VA's determination "little weight" for those reasons. *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016). As such, an ALJ appropriately evaluates a VA disability rating on its *merits* by providing

"specific reasons for discounting the VA's determination" and comparing the "VA examiners' opinions, VA primary care provider opinions, and VA treatment records" with the other parts of the record. *Ostborg*, 610 F. App'x at 914; *Boyette*, 605 F. App'x at 779.

Here, the ALJ assigned great weight to the VA treating psychiatrist opinion, finding that the moderate level of psychological functionality illustrated in the opinion is consistent with the RFC (Tr. 1057). Nevertheless, the ALJ failed to appropriately consider the VA disability rating yet again. Specifically, the ALJ noted in its opinion:

> "In compliance with the Appeals Council's directive to further consider the VA disability rating and explicitly state the weight afforded to the rating, the undersigned has considered this rating but notes that the award of VA disability benefits for service-connected disabilities is not a finding of fact made by medical physician. Although the claimant was medically boarded and is receiving 20 percent VA disability benefits for back strain, 10 percent VA disability benefits for GERD with Barrett's syndrome, and an overall or combined compensation rating of 30 percent effective September 30, 2011, as noted in Exhibit 14F, the undersigned finds that the award is not medical evidence and the VA's disability is afforded and/or entitled to 'little' medical evidentiary weight; however, it is accepted as an opinion of 'other sources.' As such, it has also been appropriately considered. Moreover, that opinion that concluded that the claimant's service-connected impairments were 'disabling' is not dispositive, as the conclusion of whether an impairment is 'disabling' or whether a claimant was unable to work, are also issued reserved for the Commissioner." (Tr. 1058).

Indeed, while the VA's disability determination does not bind the Commissioner, the ALJ cannot reject the rating or assign it little weight for that reason. *Beshia*, 328 F. Supp. 3d at 1346–47 (citing *Boyette*, 605 F. App'x at 779-80; *Ostborg*, 610 F. App'x 913-15; *Adams*, 542 F. App'x at 856-57; *Brown-Gaudet-Evans*, 673 F. App'x at 904. The Court also finds the ALJ's final reason for assigning little weight to the VA disability rating unavailing, namely, that the rating is "not a finding made by medical physician" (Tr. 1058). A decision by any other governmental agency about whether a claimant is disabled must be evaluated from *both* medical

and non-medical sources who had contact with the claimant in accordance with 20 CFR 404.1527, 416.927, Social Security Rulings 96-2p and 96-5p, and the applicable factors listed in the section "Factors for Weighing Opinion Evidence." SSR 06-03p, 2006 WL 2329939, at 7 (S.S.A. 2006).

As such, the ALJ should have comparatively evaluated the VA rating, regardless of whether it was made by a medical source or not. Further, the ALJ failed to mention, let alone evaluate, Plaintiff's 70% VA disability rating for mental illness (Tr. 840-46, 1058). With the ALJ only providing a passing reference to the disability ratings, the Court is unable to determine whether the ALJ gave appropriate consideration and weight to Plaintiff's VA disability ratings. On remand, the ALJ is encouraged to provide sufficient analysis of the VA disability ratings that would enable the Court to determine the reasons for discounting them. *See Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remand is required when the court is unable to determine, based on the ALJ's opinion, whether the statutory requirements and relevant regulations as construed by this Court were followed). As *Beshia* aptly noted, "for Plaintiff, third time's the charm." 328 F. Supp. 3d at 1348.

### B. VE Testimony

Nevertheless, Plaintiff's second and final contention is unavailing and does not warrant reversal and remand. At step five, the Commissioner must consider the assessment of the RFC combined with the claimant's age, education, and work experience to determine whether the claimant can make an adjustment to other work. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work, a finding of not disabled is warranted. *Phillips*, 357 F.3d at 1239. Conversely, if the claimant cannot make an adjustment to other work, a finding of disabled is warranted. *Id.* At this step, the burden temporarily shifts to the Commissioner to show other

jobs exist in significant numbers in the national economy which, given the claimant's impairments, the claimant can perform. *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). "The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson*, 284 F.3d at 1227 (citation omitted).

There are two avenues by which an ALJ may determine a claimant's ability to adjust to other work in the national economy; namely, by applying the Medical Vocational Guidelines ("Grids") or by the use of a VE. *Phillips*, 357 F.3d at 1239-40. Typically, where the claimant cannot perform a full range of work at a given level of exertion or where the claimant has non-exertional impairments that significantly limit basic work skills, the preferred method of demonstrating the claimant can perform other jobs is through the testimony of a VE. *Jones*, 190 F.3d at 1229. Indeed, exclusive reliance on the Grids is not appropriate under either of those circumstances. *Phillips*, 357 F.3d at 1242. For a VE's testimony to constitute substantial evidence, however, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Wilson*, 284 F.3d at 1227. Further, "SSR 00-4p imposes a duty on ALJs to identify and resolve apparent conflicts between DOT data and VE testimony, and this duty is not fulfilled simply by taking the VE at his word that his testimony comports with the DOT when the record reveals an apparent conflict between the VE's testimony and the DOT". *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018). If the ALJ fails to fulfill this duty, the decision is not supported by substantial evidence. *Id.*

### a. Other Jobs

Plaintiff contends that the ALJ erred because there is an apparent inconsistency between the number of jobs available in the national economy and the number that the VE testified to. Specifically, Plaintiff argues that the VE's identification of nearly 685,000 jobs in the national

economy available for the Plaintiff to perform (230,000 jobs as a jewelry stringer, 190,000 jobs as a lens inserter, and 265,000 jobs as a dowel inspector) does not constitute substantial evidence because it is highly overinclusive (Tr. 1112-13). In other words, Plaintiff does not argue that there are no jobs available in the national economy for the Plaintiff to perform, but that there are not nearly as many as the VE testified to. Nevertheless, an ALJ may properly rely on an "approximate percentage" of jobs that the VE testifies to. *Bryant v. Comm'r of Soc. Sec.*, 451 F. App'x 838, 839 (11th Cir. 2012); *Pena v. Comm'r of Soc. Sec.*, 489 F. App'x 401, 403 (11th Cir. 2012) (holding that an ALJ can rely on a VE's testimony regarding job numbers without the VE providing statistical data and explanations in support).

Further, the Eleventh Circuit has "never held a minimum numerical count of jobs must be identified in order to constitute work that 'exists in significant number' under the statute and regulations . . . however . . . the 'appropriate focus under the regulation is the national economy.'" *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 934–35 (11th Cir. 2015) (quoting *Allen v. Bowen,* 816 F.2d 600, 603 (11th Cir.1987)). Thus, while the ALJ bears the burden to identify jobs in the national economy that a plaintiff can perform, the ALJ need not identify a *certain number* of jobs for its decision to be supported by substantial evidence. *Id.* (finding that *3,200* jobs in the national economy is a significant number of jobs and that the ALJ's decision was supported by substantial evidence) (emphasis added); *Brooks v. Barnhart*, 133 F. App'x 669, 670-71 (11th Cir. 2005) (holding that "*840* polisher, document preparer, and bonder jobs" available in the national economy constitutes a significant numbers of jobs and thus, the ALJ's decision is supported by substantial evidence) (emphasis added). Thus, assuming *arguendo* that the number of dowel inspector jobs is actually around 3,500 in the national economy, as Plaintiff contends is more representative, that would still clearly constitute

substantial evidence, without even considering the availability of the jewelry stringer and lens inserter jobs.

Even assuming *arguendo* that there was an inconsistency that the ALJ should have identified and resolved, the Court finds the ALJ's error harmless. Though the VE may have identified an overinclusive number of jobs here, Plaintiff's contentions still support a significant number of jobs. Reversing and remanding this case to revise that numerical figure for a better approximation would end in the same determination—a finding that the Plaintiff is not disabled. *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 (11th Cir. 2013) (declining to remand "for express findings when doing so would be a 'wasteful corrective exercise' in light of the evidence of record and when no further findings could be made that would alter the ALJ's decision").

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2. The Clerk is directed to enter final judgment in favor of the Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 25th day of March, 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record